**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60423
Summary Calendar

BRYAN HOLLAND HASTINGS,

Plaintiff-Appellant,

VERSUS

THE MS PAROLE BOARD; RUTH S. MOSLEY, Chairman, MS Parole Board;
HARRY F. BRYANT, III, MS Parole Board Member; CORNELIA MASON,
MS Parole Board Member

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(4:97-CV-54-D-B)
November 26, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Bryan Holland Hastings, a Mississippi prisoner, filed this *pro se* 42 U.S.C. § 1983 action

against the Mississippi Parole Board and several of its members, challenging the methods employed

to determine his eligibility for parole. The district court granted Hastings's request to proceed *in*

*forma pauperis* (IFP) and assessed a filing fee under the terms of the Prison Litigation Reform Act

of 1996 (PLRA). The district court dismissed the Hastings complaint as frivolous under 28 U.S.C.

§ 1915. Hastings appeals.

First, Hastings argues that the district court erred in assessing a filing fee because he was

granted IFP status. We find that the district court correctly followed the terms of the PLRA which

call for an IFP plaintiff in a civil action to pay a partial initial filing fee when the suit is filed or an

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is taken and to pay that filing fee in full over a period of time.[2] No error was committed.

Hastings also argues that the district court erred in dismissing his § 1983 complaint as frivolous. A district court may dismiss a complaint as frivolous if it lacks an arguable basis in fact or in law.[3] A civil rights complaint that fails to allege the deprivation of either a constitutional or federal right is frivolous.[4] We review the district court's dismissal for abuse of discretion.[5]

The district court found that Hastings failed to present a constitutional claim. We agree. Hastings's allegations that the defendants violated his rights under the equal protection clause and the due process clause are without merit.

To establish a violation of the equal protection clause, the plaintiff must show an attempt to classify or to distinguish two or more relevant groups.[6] Hastings alleges that he was denied equal protection because other murderers have been granted parole but his request was denied. This allegation does not suggest that Hastings is a member of any identifiable group that has been wronged. Hastings has not alleged an arguable equal protection violation.

In this case, to state a claim under the due process clause, Hastings must show that the parole board is denying him a constitutionally protected liberty interest.[7] The Mississippi statutes vest the parole board with complete discretion to determine whether to release an eligible prisoner on parole.[8] The statutes do not confer a liberty interest upon prisoners.[9] Hastings does not have a cognizable

---

[2]    28 U.S.C. § 1915(a) and (b).

[3]    *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[4]    *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

[5]    *Booker*, 2 F.3d at 115.

[6]    *Vera v. Tue*, 73 F.3d 604, 610 (5th Cir. 1996).

[7]    *See Orellana v. Kyle*, 65 F.3d 29, 31-2 (5th Cir. 1995).

[8]    *Irving v. Thigpen*, 732 F.2d 1215, 1217-8 (5th Cir. 1984).

[9]    *Id*.

due process claim based upon the denial of his parole or the factors considered by the board to reach its decision.

We find that Hastings's complaint lacks an arguable basis in fact or in law. The district court did not abuse its discretion. This appeal is DISMISSED.